344  PEOPLE ex rel. MERCHANTS' NAT. BK. v. COLEMAN.

First Department, June Term, 1886.

THE PEOPLE OF THE STATE OF NEW YORK ex rel.
THE MERCHANTS' NATIONAL BANK, Respondent, v.
MICHAEL COLEMAN and Others, Commissioners of.
Taxes, etc., Appellants.

*Review of illegal assessment — 1880, chap. 369 — a bank cannot institute proceedings
to review assessments on the shares of stock of its stockholders.*

A national bank cannot institute proceedings, under chapter 369 of 1880, to
review the legality of an assessment for a tax to be imposed upon the shares of
the stockholders of the bank.
*People* v. *Wall Street Bank* (39 Hun, 525) followed.

Appeal from an order denying a motion to quash a writ of
*certiorari.*

*David J. Dean,* for the appellants.

*John E. Burrill,* for the respondent.

Daniels, J. :

The writ of *certiorari* was issued at the instance of the relator to
review the legality of an assessment for a tax proposed to be
imposed upon the shares of the stockholders of the bank. It was
issued under the authority of section 1, chapter 369 of the Laws of
1880, allowing a writ of this description, to review an assessment
of real and personal property, for the purposes of taxation, on
the petition duly verified, of any person or corporation assessed,
and claiming to be aggrieved. The proceeding, by this section of
the act, is in its language confined to the person or corporation
assessed, and claiming to be aggrieved, while the assessment, which
it was the design of this writ to review, was not against the corpora-
tion or its property, but it was against the property of the persons
who were stockholders in the corporation, and they were the only
individuals who could be aggrieved by the assessment. The cases
of *Pelton* v. *National Bank* (101 U. S. Rep., 143), and *Cummings*
v. *National Bank* (id., 153) ; *Hills* v. *Exchange Bank* (105 id., 319) ;
and *Boyer* v. *Boyer* (113 id., 689), have been assumed to be in con-
flict with this construction of the statute, but they are not, for in
those cases neither this statutory provision, nor any other resembling
it, was brought into controversy. They did not proceed upon the

writ of *certiorari*, but actions were maintained in each of them to restrain the collection of taxes, and that, it was considered, might be done by the banks on behalf of their stockholders, under the general principles applicable to actions in equity, and such provisions as imposed a duty upon the association, intended to be observed for the security and certainty of the collection of the taxes. This application proceeded on no such principle, but solely and wholly upon the provisions of the statute, and that it was not authorized by the bank was considered and held in *People* v. *Wall Street Bank* (39 Hun, 525).

The writ was issued without authority, and the order denying the defendants' motion to quash it should be reversed, with costs, and an order to that effect directed in the proceeding.

Brady, P. J., concurred.

Order reversed and motion denied.